## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re

SUPERCLUB IBIZA, LLC.,

Debtor.

Case No.  13-00418-SMT

Chapter 11

### MOTION OF UNITED STATES TRUSTEE TO CONVERT OR DISMISS CASE

The debtor in this case has failed to comply with the requirements placed on debtors by the Bankruptcy Code, and has also failed to take reasonable steps to provide adequate security and to report illegal activity on its premises to the local police. As a result of these failures, the debtor has placed the estate, its customers, and the public at risk. Therefore, Judy A. Robbins, United States Trustee, by counsel, moves the Court to convert this case to chapter 7, or in the alternative, to dismiss this case.[1] In support of this motion the following representations are made:

### JURISDICTION

1.	The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334.

2.	The United States Trustee files this motion in furtherance of her duties and responsibilities pursuant to 28 U.S.C. § 586, 11 U.S.C. § 307, and 11 U.S.C. § 1112.

### STATEMENT OF FACTS

3.	On July 3, 2013, Superclub Ibiza LLC ("debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Dkt No. 1.

---

[1] Given the nature of the allegations, the U.S. Trustee believes that holding an evidentiary hearing in this matter was appropriate.

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov

    4.       The debtor is a 30,000 square foot nightclub with a capacity for over 1,375 patrons.

    5.       On July 24, 2013 the debtor filed their schedules and their Statement of Financial Affairs. The schedules reported assets totaling $225,366 with liabilities of $1,676,905. Dkt. No. 24.

    6.       On August 12, 2013, this Court entered a consent order, under which the debtor agreed to comply with the U.S. Trustee's Chapter 11 guidelines, which require among other things, debtor's to file monthly operating reports and provide the U.S. Trustee with copies of current tax returns.

    7.       The debtor is delinquent on six monthly operating reports. Currently the reports for February 2014, May 2014, November 2014, December 2014, January 2015, and February 2015 are outstanding.

    8.       The debtor has failed to provide the Office of the United States Trustee copies of their Federal Tax Returns for 2013 as outlined in the Chapter 11 guidelines

    9.       Currently, the debtor owes $14,625.00 in Chapter 11 quarterly fees for the 2nd through the 4th quarters of 2014.  These fees are estimated and could be higher pending disbursements reported on the missing reports.

    10.      With the initial filing of this case, the Court set October 31, 2013 as the due date for a plan and disclosure statement to be filed. Dkt. No. 1. Review of the docket revealed that neither the plan or disclosure statement has been filed or that an extension be requested.

    11.      The certificate of occupancy posted inside the club expired in July 2014 and reflects a maximum occupancy of 400 patrons. But the debtor has failed to comply with this certificate.

12. While the debtor has a Security Team Policy and Procedure Manual, it has not complied with its procedures. The manual provides that the debtor will use video surveillance throughout the entire venue and in several locations outside and will allow unlimited access to the video monitoring system to law enforcement, with the footage to be stored for up to 72 days. But a 2013 hearing by the Alcoholic Beverage Regulation Administration (the "Administration") found that more than half of the debtor's security cameras were not working and that the debtor was unable to tell which cameras were working and which were not. Similarly, following an October 2014 investigation by the Administration into drug use at the club, the debtor failed to produce video upon request, stating that it had been overwritten.

13. Following its October 2014 investigation, the Administration concluded that the debtor failed to make adequate efforts to prevent criminal activity based on their failure to notify the metropolitan police department if illegal activity was observed.

14. These failures are particularly concerning given the history of violent crime occurring near the debtor's property. In the early hours of June 7, 2014, four people were shot outside the nightclub shortly after the club had closed. And since the case was filed in June 2013, there have been 22 incidents of violent crime that have occurred within 500 feet of the debtor's address, including one homicide, 15 robberies, and 6 assaults with a dangerous weapon. Three of the robberies and 2 of the assaults involved the use of a firearm.

15. Since the bankruptcy has been filed, the Alcoholic and Beverage Regulation Administration has conducted 33 investigations relating to incidents that have happened at the club, including assaults, large fights, the sale of alcohol to minors, and overcrowding.

16. Four of these investigations have occurred since August 2014. These have included investigations for disorderly patrons, repeatedly allowing the use of marijuana in the

facility, breaches of the security plan, allowing patrons to take alcohol out of the club, and the carrying of a pistol.

## LEGAL ARGUMENT

17. Section 1112(b)(1) of the Bankruptcy Code states, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

18. Section 1112(b)(4) provides a non-exhaustive list of examples where such "cause" may exist. *In re Wilderness Crossing, L.L.C.*, 440 B.R. 484, 485 (Bankr. W.D. Mich. 2010); *In re Gateway Access Solutions*, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007).

19. The United States Trustee believes that cause exists to convert or dismiss this case under the enumerated examples of § 1112(b)(4).

### FAILURE TO FILE MONTHLY OPERATING REPORTS

20. Under § 1112(b)(4)(F), cause exists where there is "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

21. The debtor is currently delinquent on six monthly reports.

22. The failure to file the monthly operating reports in a timely, complete, and accurate manor denies all parties involved with the case to monitor the financial transaction and condition of the debtor and is thus grounds for conversion or dismissal.

## FAILURE TO PAY QUARTERLY FEES

23.     Under § 1112(b)(4)(K), cause exists where there is "failure to pay any fees or charges required under chapter 123 of title 28."

24.     The debtor currently owes nearly $15,000 in past due quarterly fees, which may be greater depending on the disbursements shown in the delinquent reports.

25.     The debtor's failure to pay these fees is cause to convert or dismiss this case.

## FAILURE TO FILE A PLAN AND DISCLOSURE STATEMENT

26.     Under § 1112(b)(4)(J), cause exists where there is "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."

27.     Here, the Court set a due date for a disclosure statement and plan to be filed by October 31, 2013. The case is nearly two years old and the debtor has not filed either a plan or disclosure statement.

28.     Thus, cause exists to convert or dismiss this case for failure to timely file a chapter 11 plan.

## FAILURE TO MAINTAIN INSURANCE

29.     Under 11 U.S.C. § 1112(b)(4)(C) cause includes the "failure to maintain appropriate insurance that poses a risk to the estate or the public."

30.     Because the last policies that the debtor provided to the U.S. Trustee expired nearly a year ago in July 2014, the U.S. Trustee has no way to know that current insurance is being maintained by the debtor. This is particularly concerning given the history of regulatory issues and crime near the debtor's facility.

31.     Thus cause exists to convert or dismiss this case.

## GROSS MISMANAGEMENT OF THE ESTATE

32. Under 11 U.S.C. § 1112(b)(4)(C) cause includes "gross mismanagement of the estate."

33. Here, the debtor's failure to comply with the requirements of its own Security Team Policy and Procedure Manual places the public and the estate at risk. A facility with the ability to admit over 1,300 people at any given time should be expected to be able to ensure their safety, cooperate with the efforts of law enforcement, and ensure that its security footage is adequately maintained and obtainable. Similarly, the allegations of assaults with dangerous weapons, large fights, the sale of alcohol to minors, and overcrowding raise serious questions regarding management's ability to run this business in an appropriate manner.

34. Thus, cause exists to convert or dismiss this case.

## RELIEF REQUESTED

Based on the reasons discussed above, the United State Trustee believes that cause exists under either §§ 1112(b)(4)(F) or 1112(b)(4)(C) for the Court to dismiss the case. Because the United States Trustee has established a *prima facie* case that causes exists to convert or dismiss this case, the burden shifts to the debtor to demonstrate that he satisfies the "unusual circumstances" criteria enumerated in § 1112(b)(2) to avoid the mandatory conversion or dismissal of his case. *See In re Park,* 426 B.R. 811, 815 (Bankr. W.D. Va. 2010) (internal citations omitted) ("The moving party bears the initial burden of establishing a *prima facie* case that cause exists to dismiss or convert.  Once a *prima facie* case establishing cause is made, then the burden shifts to the objecting party to either: (a) demonstrate that unusual circumstances exist that would that make dismissal or conversion unfavorable to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the

aforementioned cause to dismiss or convert will be cured within a reasonable period of time.").

*See also In re Keeley and Grabanski Land Partnership,* 460 B.R. 520, 536 (Bankr. N.D. 2011) ("If cause has been established, the burden shifts to [d]ebtor to prove the case falls within the 'unusual circumstances' exception to § 1112(b)(1)'s mandatory dismissal.").

    WHEREFORE, the United States Trustee respectfully requests that the Court hold an evidentiary hearing on this matter and enter an order converting this case to chapter 7, or in the alternative, dismissing this case.

March 18, 2015                      JUDY A. ROBBINS
                                   U.S. TRUSTEE, REGION 4

                                   By:   */s/ Bradley D. Jones*
                                         Bradley D. Jones (VSB No. 85095)
                                         Trial Attorney
                                         Office of United States Trustee
                                         115 South Union Street, Suite 210
                                         Alexandria, VA 22314
                                         (703) 557-7228

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2015, a true copy of this motion, notice of motion, and proposed order were served on the following persons by first class U.S. mail, or by notice of electronic filing:

| | |
|---|---|
| Superclub Ibiza, LLC | Steven H. Greenfeld |
| 1222 1st St., NE | Cohen, Baldinger and Greenfeld, LLC |
| Washington, DC 20002 | 2600 Tower Oaks Blvd, Suite 103 |
| | Rockville, MD 20852 |

      /s/ *Bradley D. Jones*
      Bradley D. Jones