# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **SUPERCLUB IBIZA, LLC,** | ) | |
| **d/b/a/ IBIZA NIGHTCLUB** | ) | Case No. 13-00418 |
| | ) | |
| **Debtors** | ) | (Chapter 11) |
| | ) | |
| | | |
| **DISTRICT OF COLUMBIA,** | ) | |
| 1350 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C.  20004, | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **IBIZA NIGHTCLUB** | ) | |
| 1222 1ST Street, N.E. | ) | |
| Washington, D.C.  20007 | ) | |
| | ) | |
| **Debtor.** | ) | |

### DISTRICT OF COLUMBIA'S MOTION TO DISMISS OR
### CONVERT PURSUANT TO 11 U.S.C. § 1112

**COMES NOW** the District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and files a Motion to Dismiss or Convert this Chapter 11 proceeding under section 1112(b) of the United States Bankruptcy Code , 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure Rule 9014.  In support thereof, the District states as follows:

## JURISDICTION

1. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 1112(b).

## STATEMENT OF FACTS

2. This case was commenced on July 3, 2013, by the filing of a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. Since the filing of this Chapter 11 proceeding, Debtor has remained in control of its assets and the management of its affairs as the debtor-in-possession pursuant to section 1107 of the United States Bankruptcy Code, 11 U.S.C. § 1107.

4. The District is a pre-petition priority creditor of the Debtor, as well as a post-petition creditor.  Currently, Debtor has failed to file sales tax returns for the post-petition periods ending November 30, 2014, December 31, 2014, January 30, 2015, and February 28, 2015, in violation of section 308 of the Bankruptcy Code, 11 U.S.C. § 308, and has not paid any sales taxes for those periods in the estimated amount of $138,612.83.

5. Further, since Debtor filed its Chapter 11 proceeding, Debtor has demonstrated a pattern of failing to file its sales tax returns and paying its sales taxes.  Only when Debtor is advised that legal action may be taken does Debtor fulfill its debtor-in-possession obligations and file its sales tax returns and make sales tax payments to the District.  Debtor owed sales taxes for tax periods from January 2014 through October 2014 and failed to file sales tax returns.  Only after Debtor was advised through counsel that legal action was being contemplated by the District did Debtor on or about November 18, 2014, file its sales tax returns and pay its sales taxes from January 2014 through August 2014.  Currently, Debtor is again in substantial default of filing its sales tax returns and paying its sales taxes.  As set forth above, Debtor has failed to

2

file its sales tax returns and pay its sales taxes from November 2014 through February 2015.

6. Similarly, Debtor has failed to file consistently its Monthly Operating Reports ("MOR") as required by section 308 of the Bankruptcy Code, 11 U.S.C. § 308, and Rule 2015 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. Pro. 2015.  A review of the Docket Report reveals that Debtor filed MORs for the months of November and December 2013 on March 10, 2014 (Docket Entry Nos. 104, 105).  On April 18, 2014, Debtor filed its MORs for November and December 2013 again (Docket Entry Nos. 110, 111) and for January 2014 (Docket Entry No. 112).  Debtor failed to file any MORs again for almost eight months until December 12, 2014, when it filed MORs for March and April 2014 (Docket Entry Nos. 143, 144) and for June through October 2014 (Docket Entry Nos. 145 – 149).  MORs for February and May 2014 are missing.  Currently, Debtor has failed to file MORs for approximately five months, including MORs for November and December 2014, and for January through February 2015, in violation of section 308 of the Bankruptcy Code, 11 U.S.C. § 308, and Rule 2015 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. Pro. 2015.

7. Debtor is mismanaging its business.  Debtor has a long history of reported incidents and infractions occurring at the Club.  *See* Alcoholic Beverage Regulation Administration Investigative History attached hereto and made a part hereof as Exhibit No. 1.   Debtor has also been the subject of numerous District of Columbia Metropolitan Police Department Incident-Based Event Reports ("MPD Incident Report").

8. As a result of the repeated infractions and incidents at Debtor's place of business, and numerous protests filed by the Advisory Neighborhood Commission 6C ("ANC"), the ANC and a group of owners of ten (10) properties in the vicinity of the Debtor, including 2M Street Redevelopment LLC, Palmetto Hospitality of Washington DC, LLC, VEF-VN Capital Plaza I,

LLC, SCD Capitol Plaza, LLC, Archstone North Capital Hill, LP, DC CY Owner, LLC, CS Office One, LLC, CS Office Three LLC, CS Residential One, LLC, CS Residential Two, LLC, CS Grocery LLC (collectively the "Group of Ten"), objected to the renewal of Debtor's liquor license with the Alcoholic Beverage Regulation Administration ("ABRA"). Ultimately, the parties entered into a Settlement Contract Concerning Issuance and Renewal of Alcoholic Beverage License ("2014 Settlement Agreement") on August 5, 2014. Debtor filed a Motion for Approval of Compromise of Claim attaching a copy of the Settlement Agreement on August 13, 2014. *See* Docket Entry No. 130. The Bankruptcy Court entered an Order Approving Compromise ("Compromise Order") on September 9, 2014. *See* Docket Entry No. 140. As a result, the 2014 Settlement Agreement became part of an Order of the Bankruptcy Court.

    9. The 2014 Settlement Agreement provided *inter alia* that noise levels would be abated; video surveillance of all rooms would be undertaken; the video tapes would be maintained for 30 days and made available upon request by the ANC, parties to the 2014 Settlement Agreement and/or law enforcement; Debtor would assist in the maintenance of the public space within and outside the premises up to eighteen inches from the outside curb; and Debtor would make "every reasonable effort to prevent or disperse loitering or any other source of noise or disturbance in the areas in front or to the rear of the Premises" (2014 Settlement Agreement at 4.).

    10. Within approximately one month from the entry of the Compromise Order, Debtor was again the subject of infractions, ABRA violations, and MPD Incident Reports. Specifically, on October 18, 2014, noise complaints were submitted to various District agencies. Investigators from ABRA, MPD, and the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") arrived at Debtor in the early morning hours to conduct an investigation. Pursuant to the ABRA Case Report, attached hereto and made a part hereof as Exhibit No. 2,

violations of the Compromise Order and the 2014 Settlement Agreement occurred, including illegal drugs on Debtor's premises, failure to maintain video footage for the requisite period of time, and noise levels above that designated in the 2014 Settlement Agreement.

11. According to the December 14, 2014 MPD Incident Report, attached hereto and made a part hereof as Exhibit No. 3, another incident occurred at Debtor on December 14, 2014. Investigators on the scene stated that multiple violations were noted. These included illegal drugs on the premises and overcrowding involving between 1,600 to 2,000 people inside and outside the Club when Debtor is licensed to have an occupancy rate of only 400 people. See Exhibit No. 3 at 2.

12. Most recently, on March 7, 2015, an incident of disorderly conduct occurred at Debtor both in the premises and outside. A March 7, 2015 MPD Incident Report, attached hereto and made a part hereof as Exhibit No. 4, described the incident. An MPD Arrest Report stated that an individual was arrested for disorderly drunkenness in public and processed at the MPD Fifth District station.

13. Debtor has been in Chapter 11 reorganization for approximately twenty months, long past the deadline for a small business to file a plan of reorganization and disclosure statement. *See* 11 U.S.C. § 1121(e). Indeed, Debtor has not even filed a motion to extend the time within which to file a plan of reorganization and disclosure statement. Debtor is merely languishing in bankruptcy without any demonstrable evidence to show that it can be reorganized and operate in compliance with the laws of the District.

**ARGUMENT**

14. Section 1112 of the Bankruptcy Code, 11 U.S.C. § 1112, governs conversion or dismissal of Chapter 11 cases, and provides in pertinent part:

> On request of a party in interest, and after notice and a hearing, . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

15. Once a movant has established cause, the Court must exercise its discretion to determine which action – conversion or dismissal – best suits the circumstances of the case. *Rollex Corp. v. Associated Materials, Inc.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 242 (4th Cir. 1994). *See also In Re Snydor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (after cause is established, the "court must dismiss or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate.). *Accord In Re Landmark Atl. Hess Farm, LLC*, __ B.R. __ 2011 WL 831724 Slip. Op. at 7 – 8 (Bankr. D.Md., Mar. 3, 2011).

16. Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), defines cause to include, *inter alia*: (a) a "failure to file a disclosure statement or file or confirm a plan within the time fixed" by Title 11; (b) a "failure to comply with an order of the court;" (c) a "failure to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;" and (d) an "unexcused failure to satisfy timely any filing or reporting requirement . . . ." *See* 11 U.S.C. § 1112(b)(4)(E), (I), (F), and (J).

17. Cause exists to either dismiss Debtor's Chapter 11 proceeding or convert it to a Chapter 7. The facts set forth above demonstrate that Debtor has failed to file a disclosure statement or file or confirm a plan of reorganization within the time fixed by Title 11. Further, Debtor has failed to comply with an order of this Court. Specifically, as the facts described above illustrate, Debtor has failed to comply with the Compromise Order which incorporated the

6

2014 Settlement Agreement setting forth the requirements that Debtor must meet in the operation of the nightclub. Debtor has failed to file consistently and timely its sales tax returns and pay its sales taxes. Finally, Debtor has failed to file consistently or timely its MORs. Currently, Debtor is missing its MORs for February and May 2014 and MORs from November 2014 through February 2015, and accordingly, creditors cannot determine the current financial position of Debtor.

18. Debtor has been languishing in bankruptcy for almost two years without making any progress in its reorganization and has used the bankruptcy process to shield itself from regulatory action to address the infractions and violations that consistently occur at the nightclub and threaten public safety. The United States Supreme Court "has long recognized that a chief purpose of the bankruptcy laws is to 'secure a prompt and effectual administration and settlement of the estate . . . within a limited period.'" *Katchen v. Landy*, 382 U.S. 323, 328 (1965) (quoting *Ex Parte Christy*, 44 U.S. 292 (1845)). As the court stated in *In re Milford Connecticut Associates, L.P.*, 389 B.R. 303, 309 (D.Conn. Bankr. 2008):

> Chapter 11 debtors cannot have their cake and eat it too; the extraordinary relief provided by the bankruptcy laws comes with a price. That "Price" includes the responsibility to pursue an open and expeditious reorganization. . . . Simply put, a debtor, as debtor-in-possession, must timely discharge the unique responsibilities of Chapter 11 in order to enjoy its limited benefits.

19. Cause has been presented and dismissal or conversion of these proceedings is in the best interests of the creditors and the estate.

20. Inasmuch as the grounds for this motion are set forth herein, it is requested that the requirement for a separate memorandum of points and authorities be waived.

WHEREFORE, the District of Columbia requests that this Honorable Court enter an Order either dismissing this bankruptcy case or converting these proceedings to one under Chapter 7 in the best interests of the estate and its creditors.

Date:  March 19, 2015.

        Respectfully submitted,

        KARL A. RACINE
        Attorney General for the District of Columbia

        SUSAN C. LONGSTREET
        Deputy Attorney General
        Commercial Division

        /s/ David Fisher
        DAVID FISHER
        Assistant Deputy Attorney General
        Commercial Division
        Bar No. 325274

        /s/ William Burk
        WILLIAM BURK
        Chief, Land Acquisition and Bankruptcy Section
        Bar No. 464349

        /s/ Nancy L. Alper
        NANCY L. ALPER
        Assistant Attorney General
        Bar No. 411324
        Land Acquisition and Bankruptcy Section
        441 Fourth Street, N.W., Suite 1010S
        Washington, DC  20001
        (202) 724-8122
        nancy.alper@dc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing District of Columbia's Motion to Dismiss or Convert Pursuant to 11 U.S.C. § 1112 and Proposed Order were filed electronically and mailed, first class postage prepaid, this 19th day of March, 2015, to:

**Steven H. Greenfeld**
Cohen, Baldinger & Greenfeld LLC
2600 Tower Oaks Blvd.
Suite 103
Rockville, MD 20852

**Superclub Ibiza LLC**
1222 1st Street, N.E.
Washington, DC 20002

**Bradley Jones**
U. S. Trustee's Office
115 South Union St.
Suite 210 Plaza Level
Alexandria, VA 22314